UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

INMATES OF NEW YORK STATE WITH HUMAN
IMMUNE DEFICIENCY VIRUS, on behalf of themselves
and all other similarly situated,

                                         *Plaintiffs*,

-against-

GEORGE PATAKI, Governor of the State of New York,
LUCIEN LECLAIRE, JR., Acting Commissioner of the
New York State Department of Correctional Services
(NYSDOCS), LESTER WRIGHT, M.D., Deputy
Commissioner and Chief Medical Officer (NYSDOCS),
LUCIEN LECLAIRE, JR., Deputy Commissioner for
Facility Operations (NYSDOCS), JOHN NUTTALL,
Deputy Commissioner for Program Services (NYSDOCS),
JOHN C. SHERIDAN, Assistant Commissioner,
(NYSDOCS), SHARON CARPINELLO, PH.D,
Commissioner of the New York State Office of Mental
Health (OMH), and RICHARD MIRAGLIA, Associate
Commissioner (OMH),

                                         *Defendants*.

9:90-CV-00252

GLS/DEP

**RULE 41(a)(1)(ii)
STIPULATION OF
VOLUNTARY DIS-
MISSAL OF CLASS
ACTION**

---

    The parties, by their attorneys, hereby stipulate and agree as follows:

    Plaintiffs filed the Complaint in this action on March 6, 1990, alleging that HIV positive inmates in the custody of the New York State Department of Correctional Service received and continued to receive constitutionally inadequate medical care. Plaintiffs sought injunctive and declaratory relief for violations of their rights under the Eighth and Fourteenth Amendments to the United States Constitution

    On May 31, 1990, the Court granted plaintiffs' unopposed motion for class certification, pursuant to Rules 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure to include all

inmates who are infected with human immune deficiency virus (HIV) and are in the custody of the New York State Department of Correctional Services (DOCS).

Defendants answered the complaint on April 27, 1990, and denied that they violated any rights of the members of the class.

On January 18, 2007, after several years of extensive discovery and other exchanges of information, and a negotiation process of almost two years' duration, the attorneys for the class members and DOCS entered into a Settlement Agreement ("Agreement"), which sets forth the terms and conditions for the settlement of all claims and which binds all the parties in this action to submit to the Court a Stipulation of Voluntary Dismissal providing for the dismissal of the action on the merits with prejudice upon the terms and conditions set forth in the Agreement.

The Settlement Agreement executed January 18, 2007, is incorporated here by reference.

The parties have agreed to the entry of a Stipulation of Voluntary Dismissal of the action with prejudice, in accordance with the terms and conditions set forth in the Agreement, after notice to the plaintiff class, the opportunity for class members to submit objections to the Court, the Court's consideration of the objections, consideration of the parties' submissions in support of the Court's approval of the Settlement Agreement, a hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and upon the Court's approval of the Agreement.

The Court has read and considered the Notice to the Class, the Settlement Agreement with appendices (incorporated by reference and appended to this Stipulation), the objections submitted under seal to the Court, the Declarations of counsel and their respective medical experts, and the reports prepared by plaintiffs' and defendants' medical experts based on their review of the medical records of objecting class members.

The submissions of the parties support the conclusion that the Settlement Agreement is fair, reasonable, and adequate

The parties to the action have consented to the entry of this So-Ordered Stipulation of Voluntary Dismissal.

It is therefore STIPULATED AND AGREED by and between the parties and their respective counsel as follows:

In accordance with Rule 41(a)(1), and upon the joining of all the parties to this action in agreeing to and signing this Stipulation, upon the Court's approval of the Settlement Agreement, and upon consideration of all submissions of the parties, and after conducting a hearing pursuant to Rule 23(e), this class action is dismissed with prejudice.

STIPULATED AND AGREED TO:

Dated: New York, New York
      August 23, 2007

s/ Milton Zelermyer
MILTON ZELERMYER
Bar Roll No. 505994
JOHN BOSTON
STEVEN BANKS
The Legal Aid Society, Prisoners' Rights Project
199 Water Street, 6th Floor
New York, New York 10038
(212) 577-3530

Dated: Albany, New York
      August 23, 2007

ANDREW M. CUOMO
Attorney General of the State of New York
Attorney for the Defendants
The Capitol
Albany, New York 12224

s/ *Karen Marcoux Mankes*
KAREN MARCOUX MANKES
Assistant Attorney General
Bar Roll. No. 104347
(518) 474-4367
Karen.Mankes@oag.state.ny.us

SO ORDERED:

Dated: Albany, New York
      August 28, 2007

*[signature]*
HON. GARY L. SHARPE
United States District Judge